# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In re                                                                       Case No. 10-31550-WRS
                                                                                                      Chapter 7

NELSON LEE DANIEL
MARY BETH DANIEL,

        Debtors

## MEMORANDUM DECISION

This Chapter 7 case came before the Court for hearing on September 11, 2012, on the Debtors' objection to the Trustee's Final Report. (Doc. 53–Objection; Doc. 50–TFR). For the reasons set forth below, the objection is OVERRULED and the Trustee's Final Report is APPROVED.

## I. FACTS

The Debtors filed a petition in bankruptcy pursuant to Chapter 7 on June 9, 2010. The City of Montgomery, Alabama, filed a Proof of Claim in the amount of $29,480.80, for Sales and Use taxes, contending that $19,333.03 of that amount was entitled to priority pursuant to 11 U.S.C. § 507(a). (Claim No. 6). In addition, the City filed an Adversary Proceeding seeking a determination that $24,000 of that tax liability was excepted from discharge pursuant to 11 U.S.C. §523(a). (Adversary Proceeding No. 10-3068). The City settled with the Debtors by way of a consent judgment providing that the debt would be satisfied with the payment of $14,000, which the Debtors later paid. (Adv. Pro. 10-3068, Doc. 12).

On April 2, 2012, Chapter 7 Trustee Susan S. DePaola filed a "Trustee's Final Report,"(First TFR)(Doc. 39). In a TFR, the Trustee accounts for her activity in the case and

shows how she proposes to distribute the funds of the estate. The Proposed Distribution Schedule is referred to as Exhibit D of the TFR. The Exhibit D which was filed as part of the First TFR indicated that $7,497.04 was to be distributed. Of this amount, $1,726.26 was to be paid for administrative expenses and that the remaining $5,770.78 was to be paid to the City on its priority claim. Id.

The Bankruptcy Administrator recommended that the Court approve the TFR and no objections were made. (Doc. 40). Notice of the First TFR was given to all parties in interest, no objections were made and the Court approved the First TFR by its order of May 22, 2012. (Doc. 44). On June 14, 2012, the Trustee filed a Report stating that the City had returned its disbursement check noting that its claim had been paid. (Doc. 47). The City also filed a Withdrawal of its Proof of Claim. (Doc. 46). Trustee DePaola filed a second TFR with a new Proposed Distribution Schedule (Schedule D), proposing no distribution to the City and a pro rata distribution of $5,745.78 to the holders of unsecured claims.[1] The Debtors objected to the Trustee's second TFR, contending that they should get the $5,745.78, instead of the unsecured creditors, as they had paid off the City. (Doc. 53).

---

[1] If there are not sufficient funds on hand to pay all the holders of claims of an equal priority, then distribution is made pro rata.

## II. LAW

### A. CHAPTER 7 FUNDAMENTALS

A Chapter 7 Trustee is required to make a final accounting of her activity administering the bankruptcy estate prior to closing the case. 11 U.S.C. § 704(a)(9). The Bankruptcy Administrator is required to review the accounting and make a recommendation as to whether the Court should approve it. 28 U.S.C. § 586(a)(3); Rule 9035, Fed. R. Bankr. P. Parties in interest are given notice of the TFR and are provided 30 days to object to the Trustee's final accounting. Rule 5009, Fed. R. Bankr. P. Once notice is given of a TFR, the burden is on the party making the objection to show a legally sufficient basis.

The Debtors contend that the Trustee's proposed distribution of funds of the estate is improper and that they should be paid all of the funds on hand, after payment of costs of administration, because they paid the taxes owing to the City, out of funds acquired by them postpetition. The question here is whether the Trustee's proposed distribution is proper under the Bankruptcy Code. Section 726(a) of the Code provides, in part as follows:

> Property of the estate shall be distributed–
>
> (1) first, in payment of claims of the kind specified in, and in the order specified in, section 507 of this title, proof of which is timely filed under section 501 of this title . . .
>
> (2) second, in payment of any allowed unsecured claim . . .
>
> * * *
>
> (6) sixth, to the debtor.

The Debtors contend that by paying the City, they somehow became entitled to the distribution to which the City would have otherwise been entitled.

The Debtors' argument fails for two reasons. First, the City withdrew its claim–it was not assigned to the Debtors. As there is no allowed claim for the taxes owing to the City, there is no right to payment and therefore no claim under section 501. Second, the Debtors have advanced no cognizable legal argument as to why they should be permitted to step into the shoes of the City and be paid on the City's now withdrawn claim.

### B. AS THE DEBTORS DO NOT HOLD AN ALLOWED PROOF OF CLAIM, THEY CANNOT BE PAID UNDER SECTION 726

Distribution of funds in a Chapter 7 case is governed by 11 U.S.C. § 726(a). The funds are distributed "in payment of claims." Id. That is, payment is made only to those who have filed claims. Id.; see also, 11 U.S.C. § 501; and Rules 3001 and 3002, Fed. R. Bankr. P. In this case, the City filed a proof of claim on September 15, 2010 (Claim No. 6), but withdrew it on June 8, 2012. (Doc. 46). Of note, the City did not assign its claim to the Debtors.[2] As the Debtors did not timely file a proof of claim, or take an assignment of a timely filed claim, they are not entitled to payment because they do not hold a validly filed proof of claim. 11 U.S.C. § 726(a); see also, Pioneer Inv. Serv. Co. v. Brunwick Assoc. Ltd. P'ship, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)(holding that failure to timely file proof of claim results in disallowance, unless excusable neglect is established); The Charter Co. v. Dioxin Claimants (In

---

[2] The Bankruptcy Rules prescribe that when a claim is transferred, the transferee must file evidence of transfer. Rule 3001(e), Fed. R. Bankr. P.

-4-

re The Charter Co.), 876 F.2d 861, 863 (11th Cir. 1989)(stating that a claimant is not permitted to share in distribution without a timely filed proof of claim); Biscayne 21 Condominium Assn. Inc. v. South Atlantic Fin. Corp., (In re South Atlantic Financial Corp.), 767 F.2d 814, 817 (11th Cir. 1985)(to same effect). As the Debtors did not file a proof of claim, or file evidence of assignment of the City's claim, they may not be paid here.

As will be discussed below, the Debtors are not be entitled to payment in any event. However, the Court does not view the requirement to file a timely proof of claim as a technicality, to be winked at when convenient. Rather, the Court and Chapter 7 Trustees administer a considerable number of cases and necessarily rely on the veracity of the claims register. Resort to exceptions to the rule requiring the filing of a proof of claim, such as "excusable neglect" and the "informal proof of claim doctrine" are narrow exceptions to the rules which should be applied sparingly. Otherwise, the administration of estates would become unbearably difficult. The Debtors' failure to timely file a proof of claim, or to take an assignment of the City's claim, is a sufficient basis in and of itself to deny the Debtors' objection.

### C. THE DEBTORS' ARE PAID AFTER ALL CREDITORS–NOT BEFORE

If one overlooks the problem of the Debtors' failure either to file a proof of claim, or file a notice of assignment of the City's claim, the Code is abundantly clear that the Debtors do not get paid until the claims of all creditors are paid. § 726(a)(6). Moreover, even if the Debtors had taken an assignment of the City's claim, they would not take the City's priority. § 507(d)) ("an entity that is subrogated to the rights of a holder of a claim of a kind specified in subsection . . .

(a)(8) . . . is not subrogated to the right of the holder of such claim to priority under such subsection"). Regardless of how the Debtors attempt to pitch their argument, their entitlement to distribution remains as provided by § 507(a)(6); that is, after the claims of all other creditors are paid in full. Thus, even if the Debtors had timely filed a proof of claim, or taken an assignment of a properly filed proof of claim, they would not succeed to the City's priority status and they would default to their status under § 726(a)(6).

This case is similar in many respects to a case decided recently by a Bankruptcy Court in Ohio. In re Sarnovsky, 436 B.R. 461 (Bankr. N.D. Ohio 2010). In Sarnovsky, the debtors paid an indebtedness owing for taxes which would have otherwise been entitled to priority pursuant to 11 U.S.C. § 507(a)(8). The Debtors in Sarnovsky filed a proof of claim, contending that they were entitled to priority pursuant to § 507(a)(8). The Court held that as the debtors were not "governmental units," they were not entitled to claim priority under that section. Also of interest, the Court in Sarnovsky noted that a debtor may not hold a claim against himself. It is a legal oxymoron.

In another case with a similar fact pattern, the Bankruptcy Court in the Northern District of Alabama held that "subrogation is not available to a party discharging a debt in the performance of his own obligation." In re Barnes, 304 B.R. 489, 491 (Bankr. N.D. Ala. 2004)(citing In re Smothers, 60 B.R. 733 (Bankr. W.D. Ky. 1986)). The same rule applies here. When the Debtors in the case at bar paid the sales taxes owing to the city, they satisfied their own debt and could not assume, by subrogation, the rights of the City. While Barnes and Sarnovsky are phrased somewhat differently, the bottom line result is the same. One cannot hold a claim

Case 10-31550    Doc 56    Filed 10/11/12    Entered 10/11/12 11:49:42    Desc Main
Document      Page 6 of 8

against oneself, either directly as in <u>Sarnovsky</u> or indirectly by subrogation, as in <u>Barnes</u> and <u>Smothers</u>.

The Debtors here confound two separate ideas. When one pays ones own debt, the debt is discharged–it no longer exists. On the other hand, when a guarantor or surety pays the debt of its principal, it is subrogated to the creditor's rights and the debt continues to exist, albiet now in the hands of the guarantor or surety. When the Debtors in the case at bar paid the City, they discharged the debt, and as a result, it no longer exists.

### III.  CONCLUSION

The objection of the Debtors to the TFR filed by the Trustee is overruled for two reasons. First, the Debtors cannot be paid as they have not filed a claim. Second, their Debtors' argument runs contrary to the priority scheme set forth in Section 726. Creditors are paid ahead of the Debtors. Debtors may not jump ahead of their creditors by way of subrogation or otherwise. For these reasons, the Debtors' objection is overruled and the Trustee's TFR is approved. The Court will enter a separate order to this effect.

Done this 11th day of October, 2012.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Susan S. DePaola, Trustee
   Lewis B. Hickman Jr., Attorney for Debtors

Case 10-31550    Doc 56    Filed 10/11/12    Entered 10/11/12 11:49:42    Desc Main
Document      Page 8 of 8